**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| **SINOTE IBRAHIM, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **M.B.D. No. 25-mc-91321-BEM** |
| | ) |
| **TOWN OF WALPOLE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

_____

**MEMORANDUM AND ORDER**

**MURPHY, J.**

For the reasons set forth below, this action is dismissed.

**BACKGROUND**

Plaintiffs Sinote Ibrahim, Marcelle Ibrahim and Bahig Bishay, who are proceeding *pro se*, filed this case against the Town of Walpole ("the Town"), its town administrator, treasurer and select board members, and an attorney that represented the Town.  Dkt. 2.  The complaint consists primarily of a recounting of events surrounding the Town's 2020 foreclosure sale of Sinote and Marcelle Ibrahim's Walpole home for outstanding property taxes and Bahig Bishay's unsuccessful efforts, premised upon the United States Supreme Court decision in *Tyler v Hennepin County, Minnesota*, 598 U.S. 631 (2023), to secure for the Ibrahims a refund in the amount of the value of the remaining equity in the property once the tax debt was satisfied.

The Court's records indicate that Bahig Bishay is a frequent *pro se* litigant who has had filing restrictions imposed upon him by federal courts in this District and in the District of Columbia.  *See Bishay v Ocwen Financial Corp., et al.*, No. 24-cv-12661-RGS (D. Mass. Oct. 30,

2024); *Bishay v. Harris*, 668 F. Supp. 3d 9 (D.D.C. 2023), *aff'd*, No. 23-5019, 2023 WL 6784306 (D.C. Cir. Oct. 6, 2023), *reh'g denied sub nom. Jin v. Velasquez*, 144 S. Ct. 629 (2024).  Bishay has similarly been enjoined from filing actions in Massachusetts state courts, *Lombard v. Bishay*, 87 Mass. App. Ct. 1135, at *1 (2015), and from filing petitions in the Massachusetts Supreme Judicial Court, *Bishay v. Superior Ct. Dep't of the Trial Ct.*, 487 Mass. 1012, 1013 (2021), without first obtaining leave to do so.

The instant action is before the undersigned as the miscellaneous business docket judge pursuant to Judge Stearns's October 30, 2024 Memorandum and Order, which provides that:

> Bahig F. Bishay is hereby ENJOINED from commencing any new action on the civil docket of this court without obtaining written approval of a judge of this court by filing a written petition seeking leave of court to do so.

Dkt. No. 8, at 9, *Bishay v Ocwen Financial Corporation, et al.*, No. 24-cv-12661-RGS (D. Mass. Oct. 30, 2024).  That Memorandum and Order states further that:

> The petition to commence a new action must be accompanied by a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that (1) there is a good-faith basis for their filing; (2) the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, and (3) the claim or claims are not frivolous or levied in bad faith.

*Id.*

In addition, the Memorandum and Order advised Bishay that any petition to commence a new action must be accompanied by payment of the fee to initiate a case on the Miscellaneous Business Docket or a motion for leave to proceed without prepayment of that fee.  *Id.*

## STANDARD OF REVIEW

The Court has liberally construed the complaint because Plaintiffs are proceeding *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Plaintiffs' *pro se* status does not, however, "insulate [them] from complying with procedural and substantive law."  *Ahmed v. Rosenblatt*, 118 F.3d 886,

890 (1st Cir. 1997).

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). "As used in this context, 'frivolous' does not refer to the subjective intent of a plaintiff." *Axcella Bldg. Realty Tr. v. Thompson*, No. 23-cv-40151-DHH, 2024 WL 474539, at *2 n.2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

## DISCUSSION

As an initial matter, Plaintiffs' signatures on the complaint are typewritten. Dkt. 2 at 10, 11. Without handwritten signatures, the Court cannot discern whether all of the named plaintiffs wish to proceed as parties to this action. Rule 11 of the Federal Rules of Civil Procedure clearly provides, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."); District of Massachusetts Local Rule 83.5.5 (d) ("A *pro se* party is required to comply with these local rules.").

Bishay seeks to represent "similarly situated citizens of the United States, including himself

3

and the above referenced Plaintiffs." Dkt. 2 at 12. Because he is not alleged to be an attorney admitted to the bar, he cannot represent anyone other than himself. An individual may appear in federal court, either "pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *see also Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. (2015) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf."). "[P]ro se plaintiffs cannot act as class representatives." *Murphy v. Baker*, No. 19-cv-12481-PBS, 2020 WL 3420632, at *1 (D. Mass. June 22, 2020). Without counsel, Bishay cannot act as a class representative, nor can he represent any other individually named plaintiff.

Bishay has not sought leave to file a new civil action. Instead, he filed a judicial notice of the United States Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. —, 2025 WL 1773631, at *15 (June 27, 2025) (holding, in part, that "universal injunctions" were "broader than necessary to provide complete relief to each plaintiff with standing to sue"). Dkt. 2-1. Because Bishay is subject to filing restrictions specifically in this District, entered in *Bishay v Ocwen Financial Corporation, et al.*, No. 24-cv-12661-RGS (enjoining Bishay from commencing new actions without receiving written approval of a judge of this court by filing a written petition seeking leave of court to do so), the Court need not decide the impact, if any, of the *CASA* decision.

Although the Ibrahims are not subject to any filing restrictions, Bishay failed to seek or obtain leave of court before filing the instant action. Here, dismissal is warranted because (1)

Bishay violated the terms of the 2024 injunction and (2) the complaint fails to state an arguable basis in law.

## CONCLUSION AND ORDER

Accordingly, this action is DISMISSED.  In light of this Order, the Clerk is directed to close this action.

**So Ordered.**

/s/ Brian E. Murphy

Brian E. Murphy

Dated:  July 25, 2025                    Judge, United States District Court